UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN VALLELY,

       Plaintiff,

v.                      3:18-CV-0284
                        (GTS/DEP)
UNITED PARCEL SERVICE, INC.,

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

OFFICE OF EDWARD E. KOPKO       EDWARD E. KOPKO, ESQ.
 Counsel for Plaintiff
308 N. Tioga Street, 2nd Floor
Ithaca, New York 14850

GREENBERG TRAURIG, LLP         KRISTINE J. FEHER, ESQ.
 Counsel for Defendant             RAQUEL S. LORD, ESQ.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently pending before the Court, in this employment civil rights action filed by Kevin Vallely ("Plaintiff") against United Parcel Service, Inc. ("Defendant"),[1] is Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 6) and Plaintiff's cross-motion to amend the

---

  [1]  In Defendant's motion to dismiss (Dkt. No. 6, Attach. 1) counsel represented to the Court that the defendant referred to as "the United Parcel Service, Inc." is actually "United Parcel Service, Inc." The docket correctly reflects Defendant as "United Parcel Service, Inc." and any reference in the Complaint (Dkt. No. 1) or proposed Amended Complaint (Dkt. No. 6, Attach. 1) shall be deemed to refer to "United Parcel Service, Inc."

pleadings (Dkt. No. 9). For the reasons set forth below, Defendant's motion is granted in part and denied in part and Plaintiff's motion is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that Defendant intentionally discriminated against him based on his age and retaliated against him for reporting the discrimination. (*See generally* Dkt. No. 1 [Pl.'s Compl.].) More specifically, Plaintiff alleges that, due to his age and/or reports of age discrimination, Defendant intentionally (1) improperly disciplined him and sent him warning letters in violation of the parties' collective bargaining agreement and Department of Transportation regulations, (2) imposed an unfair work-load on him to induce him to violate Defendant's rules (i.e., the requirement that Plaintiff take a lunch and return to Defendant's station by a particular time) and to criticize him for poor work performance when he was unable to complete the work within the time constraints, (3) improperly conducted an examination of his work that was unwarranted by his behavior and a violation of the collective bargaining agreement, (4) suspended him as a subterfuge to build a disciplinary record against him for the purpose of illegally terminating him, (5) made false accusations against him (i.e., late deliveries, stealing, late return to Defendant's station, and service failures), (6) repeatedly threatened to terminate him, (7) refused to help him when he requested help, (8) compelled him to sign a last chance agreement, (9) terminated his employment, and (10) compelled him to sign a separation agreement in violation of the Older Workers Benefit Protections Act ("OWBPA"). (*Id.*)

2

Based on these factual allegations, Plaintiff's Complaint asserts the following two claims: (1) a claim that Defendant violated the Age Discrimination Employment Act ("ADEA") by intentionally discriminating against Plaintiff on the basis of his age; and (2) a claim that Defendant violated the New York Human Rights Law ("NYHRL") and ADEA by retaliating against him after he reported the discrimination. (*Id.*) Familiarity with the remaining factual allegations supporting these two claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

B. **Parties' Briefing on Defendant's Motion to Dismiss and Plaintiff's Cross-Motion to Amend his Complaint**

Generally, in support of its motion to dismiss, Defendant asserts the following two arguments: (1) Plaintiff's age-discrimination and retaliation claims under the NYHRL should be dismissed because he voluntarily and knowingly waived any such claims when he voluntarily resigned from his employment with Defendant pursuant to a separation agreement,[2] which discharged Defendant from "any and all claims arising out of or relating to [Plaintiff's] employment or discharge"; and (2) Plaintiff's age-discrimination and retaliation claims under the to NYHRL and ADEA should be dismissed because he is estopped from claiming that he was wrongfully discharged after he previously acknowledged that he voluntarily resigned from employment with Defendant in the separation agreement. (Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law].) Defendant acknowledges that it is not seeking dismissal of Plaintiff's ADEA claims pursuant to the separation agreement because the separation agreement did not comply with the requirements imposed by the OWBPA. (*Id.*)

---

[2] Defendant argues that the separation agreement may be considered by the Court without converting this motion to one for summary judgment because the separation agreement is integral to the Complaint.

Generally, in response to Defendant's motion to dismiss, Plaintiff cross-moves for leave to file an Amended Complaint adding a claim that Defendant violated the OWBPA by entering the separation agreement because the separation agreement did not knowingly and voluntarily waive any claims pursuant to ADEA. (Dkt. No. 9, Attach. 1 [Pl. Proposed Am. Compl.].) In addition, Defendant asserts the following three arguments: (1) the separation agreement is void and unenforceable and does not preclude Plaintiff from bringing this action because it was not entered knowingly and voluntarily according to the eight mandatory elements required to waive ADEA claims pursuant to the OWBPA, in that the waiver (a) does not refer to claims pursuant to the ADEA, (b) improperly requires Plaintiff to waive rights and claims that may arise after the execution of the agreement, (c) does not advise Plaintiff to consult with an attorney prior to execution, and (d) fails to provide for a period of seven days following execution during which Plaintiff may revoke the agreement and that the agreement does not become effective or enforceable until the revocation period has expired; (2) Defendant's motion to dismiss should be denied because, in light of the proposed Amended Complaint, Plaintiff did not knowingly and voluntarily waive all his claims when he signed the separation agreement; and (3) leave should be granted for Plaintiff to file and serve his proposed Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) because the amendment (a) is not sought in bad faith, (b) does not cause any prejudice to Defendant, (c) is not futile, and (d) is not sought after undue delay. (*Id*.)

Generally, in its reply, Defendant asserts three arguments: (1) Plaintiff's NYHRL claims should be dismissed because (a) he did not oppose Defendant's argument that he knowingly and voluntarily waived his claims pursuant to the NYHRL in the separation agreement, and (b) the fact that the separation agreement does not comply with the OWBPA has no impact on the

separation agreement's validity and waiver of Plaintiff's claims pursuant to the NYHRL; (2) Plaintiff did not oppose Defendant's argument that he is estopped from claiming he was involuntarily discharged, which was a factual representation separate and apart from his waiver of any claims in the separation agreement and thus should be considered despite the waiver's failure to comply with the OWBPA; and (3) Plaintiff's cross-motion for leave to file his proposed Amended Complaint should be denied because he fails to state a claim upon which relief may be granted and the amendment is therefore futile. (Dkt. No. 11 [Def.'s Reply Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because Defendant's motion is based on the second ground, a few words regarding that ground are appropriate. The Court's function is to "determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). While, "a plaintiff is not required to prove his case at the pleading stage," *Kittay v. Kornstein*, 230 F.3d 531, 542 (2d Cir. 2000), courts do not hesitate to dismiss complaints where the plaintiff's claims fail as a matter of law. *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[3]

---

[3] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

B.     **Legal Standards Governing a Motion to Amend a Pleading**

On a motion to amend a pleading, courts consider the following four factors: (1) whether there was undue delay in bringing the motion, (2) whether the motion is sought in bad faith, (3) whether the proposed amendment causes prejudice to the non-movant, and (4) whether the amendment could not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that permissible grounds upon which to base the denial of a motion for leave to file an amended complaint include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

### III.    ANALYSIS

A.     **Defendant's Motion to Dismiss**

1.     **Plaintiff's Claim Pursuant to NYHRL**

After carefully considering the matter, the Court grants Defendant's motion to dismiss Plaintiff's claim pursuant to NYHRL for the reasons stated in Defendant's memoranda of law. (Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 11 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

As a threshold matter, the Court finds that Plaintiff's claim pursuant to NYHRL must be dismissed because (1) he has not opposed the portion of Defendant's motion that challenges this claims, and (2) Defendant has established that its argument possesses facial merit. In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's

burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).[4]

As a result, Defendant's burden on this argument has been lightened such that, to succeed on the argument, Defendant need show only that the argument possesses facial merit, which it has done. Even when construed with the utmost of special liberality, Plaintiff's Complaint and proposed Amended Complaint do not assert a legally cognizable claim pursuant to NYHRL because the separation agreement released and discharged Defendant from "any and all claims arising out of or relating to his employment or discharge." (*See generally* Dkt. No. 1; Dkt. No.

---

[4] Alternatively, the Court can, and does, deem the challenged claim abandoned (regardless of the facial merit of the unresponded-to argument). *See Jackson v. Fed. Exp.*, 776 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e. referencing some claims or defenses but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

9, Attach. 1.)[5] The fact that the separation agreement did not comply with the requirements set forth in the OWBPA is not relevant for purposes of assessing its validity with regard to Plaintiff's NYHRL claim. The Supreme Court has specifically found that "the OWBPA's stringent safeguards" may result in situations where the "release is effective as to some claims but not as to ADEA claims." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 428 (1998); *see also Tung v. Texaco Inc.*, 150 F.3d 206, 208-09 (2d Cir. 1998) (dismissing plaintiff's Title VII claims based on the totality of the circumstances analysis while noting that plaintiff's ADEA claims survived because the release did not comply with OWBPA).

In any event, Plaintiff's claims pursuant to NYHRL must be dismissed under Fed. R. Civ. P. 12(b)(6) and 8. The determination of whether a waiver is knowingly and voluntary depends on the "totality of the circumstances" including the following factors:

> (1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of the plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6) whether the consideration given in exchange for the waiver exceeds any benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult with an attorney; and (8) whether the employee had a fair opportunity to consult with an attorney.

---

[5] Because there does not appear to be any dispute among the parties regarding the authenticity and/or accuracy of the separation agreement, the Court finds that the separation agreement is integral to the Complaint such that the Court may consider it without converting this motion to a motion for summary judgment. *See Pesserillio v. Nat'l Grid,* 78 F. Supp. 3d 551, 554-55 (E.D.N.Y. 2015) (deeming "Agreement and General Release" to be integral to Complaint asserting disability-discrimination claim).

*Laramee v. The Jewish Guild for the Blind*, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1999). The factors are not exhaustive nor must all of the factors be satisfied before a release is enforceable. *Laramee,* 72 F. Supp. 2d at 360; *Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002); *Livingston v. Bev-Pak, Inc.*, 112 F. Supp. 2d 242, 247 (N.D.N.Y. 2000) (Smith, M.J.); *Pesserillo v. Nat'l Grid*, 78 F. Supp. 3d 551 (E.D.N.Y. 2015).

The separation agreement here is less than one-page in length and is written in clear, plain English. (Dkt. No. 9, Attach. 1, at 20.) The separation agreement stated that Plaintiff "has been fully and fairly represented by the Union throughout the grievance process and the negotiation of this Agreement," which indicates that Plaintiff had a role in deciding the terms of the separation agreement. (*Id.*) In addition, consideration was given in exchange for the waiver, for which Plaintiff was not otherwise entitled. *Brewer v. GEM Indus. Inc.*, 14-CV-0778, 2015 WL 773800, at *7 (N.D.N.Y. Feb. 24, 2015) (D'Agostino, J.); *Hsueh v. The Bank of New York*, 05-CV-5345, 2006 WL 2778858, at *5 (S.D.N.Y. Sept. 26, 2006). More specifically, Plaintiff was paid 342 hours of paid time off for 2017, which he was not entitled to because he resigned effective December 1, 2016. (Dkt. No. 9, Attach. 1, at 20.) Moreover, Defendant agreed to make "any necessary healthcare contributions through the appropriate period to maintain healthcare coverage through June 2017." (*Id.*) In exchange for this consideration, Plaintiff expressly agreed to "release[] and discharge[] UPS . . . from any and all claims arising out of or relating to his employment or discharge . . . ." (*Id.*)

The Court also notes that Plaintiff has not alleged, or even argued, that he was coerced into entering into the separation agreement, under duress or incapacitated at the time it was executed, or subjected to anything that would call the enforceability of the separation agreement

into question. *Montanez v. Cheesecake Factory Rests., Inc.*, 13-CV-1262, 2016 WL 1117516, at *7 (N.D.N.Y. Mar. 22, 2016) (Suddaby, C.J.).

For all of these reasons, Defendant's motion to dismiss Plaintiff's claim pursuant to NYHRL is granted.

### 2. Plaintiff's Claims Pursuant to ADEA

After carefully considering the matter, the Court denies Defendant's motion to dismiss Plaintiff's claims pursuant to ADEA for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 9, Attach. 2 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Plaintiff's reasons.

"The statutory command is clear: An employee 'may not waive' an ADEA claim unless the waiver or release satisfies the OWBPA's requirements." *Oubre*, 522 U.S. at 462-27. Where a separation agreement "did not comply with the OWBPA's stringent safeguards, it is unenforceable against [an employee] insofar as it purports to waive or release [his] ADEA claim." *Id.* at 427-28. The parties do not dispute that the separation agreement did not comply with OWBPA's safeguards. (Dkt. No. 6, at n.2; Dkt. No. 9, Attach. 2, at 6-10; Dkt. No. 11, at 9.)

"As a rule, equitable estoppel bars a party from shirking the burdens of a voidable transaction for as long as she retains the benefits received under it." *Oubre*, 522 U.S. at 425-26. Applying these principles, Defendant argues that Plaintiff cannot claim he was "wrongful[ly] discharge[d], having negotiated and received compensation for resigning." (Dkt. No. 11, at 10.) However, the authorities cited by Defendant do not address the issue of whether equitable estoppel may permit a court to consider factual representations included in an otherwise invalid ADEA waiver for purposes of dismissing an ADEA claim. The Court holds that it cannot.

11

The Supreme Court was clear in *Oubre* that where, as here, an agreement does not comply with OWBPA, the agreement can have no effect on a plaintiff's ADEA claim. *Oubre*, 522 U.S. at 427. "The rule proposed by [Defendant] would frustrate [OWBPA]'s practical operation as well as its formal command." *Oubre*, 522 U.S. at 427. As a result, here, the factual representations in the parties' separation agreement cannot be considered by the Court for purposes of determining whether equitable estoppel prevents Plaintiff from now claiming that he was wrongfully discharged because the separation agreement cannot have an effect on Plaintiff's ADEA claim.

Finally, the Court notes that it is mindful of Defendant's arguments and the fact that it "may need to inquire whether [Defendant] has claims for restitution, recoupment, or setoff against [Plaintiff], and these questions may be complex where[, as here,] a release is effective as to some claims but not as to ADEA claims." *Oubre*, 522 U.S. at 428.

For all of these reasons, Defendant's motion to dismiss Plaintiff's claims pursuant to ADEA is denied.

    **B.**    **Plaintiff's Motion to Amend His Complaint**

After carefully considering the matter, the Court denies Plaintiff's motion to amend his Complaint for the reasons stated in Defendant's memoranda of law. (Dkt. No. 6, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 11 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

Plaintiff's proposed claims are futile in that they fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See E.E.O.C. v. UBS Brinson, Inc.*, 02-CV-

3748, 2003 WL 133235, at *6 (S.D.N.Y. Jan. 15, 2003) (holding that the plaintiff's claims "are premised upon alleged violations of OWBPA's waiver provisions which, . . . do not give rise to an independent claim under the ADEA"); *Grays v. SDH Educ. West, LCC*, 16-CV-0666, 2017 WL 2240227, at *5 (S.D.N.Y. Mar. 23, 2017) ("OWBPA does not establish a cause of action for age discrimination and is irrelevant here."); *Kourofsky v. Genencor Intern., Inc.*, 459 F. Supp. 2d 206, 215 (W.D.N.Y. 2006) ("[T]here is no right of action under OWBPA. . . . Although plaintiffs are correct that the releases which they signed do not bar this lawsuit, that is not a proper basis for a separate cause of action.").

For all of these reasons, Plaintiff's motion to amend his Complaint is denied.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 6) is **GRANTED in part** and **DENIED in part** such that (1) Plaintiff's claim pursuant to the NYHRL is **DISMISSED**, and (2) Plaintiff's claims pursuant to the ADEA **SURVIVE** Defendant's motion to dismiss; and it is further

**ORDERED** that Defendant file an answer to the Plaintiff's Complaint within **FOURTEEN (14) DAYS** of the date of this Decision and Order pursuant to Fed. R. Civ. P. Rule 12(a)(4)(a), and this case is referred back to Magistrate Judge Peebles for a Rule 16 conference and the setting of pretrial scheduling deadlines; and it is further

**ORDERED** that Plaintiff's cross-motion to amend his Complaint (Dkt. No. 9) is **DENIED**.

Dated: January 2, 2019
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge